Argued May 2, affirmed June 14, 1967

STATE OF OREGON, *Respondent, v.*
HARRY MARCH, *Appellant.*
428 P. 2d 896

*James A. Cox,* Ontario, argued the cause for appellant. On the briefs were Yturri, O'Kief & Cox, Ontario.

*Donald H. Turner,* District Attorney, The Dalles, argued the cause and filed a brief for respondent.

Before PERRY, Chief Justice, and McALLISTER,

272

SLOAN, O'CONNELL, DENECKE, REDDING and FORT, Justices.

SLOAN, J.

This is an appeal from circuit court of Wasco county from a conviction of the crime of devising a scheme to defraud in promoting the sales of securities in violation of ORS 59.260 (2).[①] This defendant was also convicted in Deschutes county of the unlawful sale of securities. *State v. March,* decided today. There are two assignments of error.

One assignment claims that the court should have allowed a motion for a directed verdict of not guilty because there was no evidence that defendant devised a scheme to defraud in support of the allegations in the indictment.

The indictment charged that on December 10, 1963, defendant devised a scheme to defraud and on that date he committed an overt act by obtaining $2,000 from a Mrs. Ryan as part of the purchase price for stock in the Investors Insurance Corporation, that he induced Mrs. Ryan to buy on that date. Mrs. Ryan testified that on December 10, 1963, defendant persuaded her to buy some of the shares by the revelation of great potential profit. She paid him $2,000 on that date, and additional sums on later dates. She never received the stock.

█ It was jury work to decide whether or not defendant was motivated by a scheme to fraudulently

---

[①] "No person shall, alone or in conjunction with others, devise or attempt to devise, any scheme or artifice to defraud any person by securing subscriptions for, or by promoting or negotiating the issuance, transfer, distribution or sale of any security, and, for the purpose of executing or attempting to execute such scheme or artifice, commit any overt act within this state."

separate Mrs. Ryan from her $2,000 on December 10 or if he then thought, as he claimed, that he was making a legitimate sale. It was not error to refuse to direct a verdict.

■ The second assignment urges that defendant's demurrer to the indictment should have been sustained. The allegations of the indictment were in the language of the statute and stated the specific overt act defendant was alleged to have committed in furtherance of his alleged scheme. It is difficult to believe that any person of "common understanding" would not know what was intended by the charge of the indictment. ORS 132.540 (1) (f).

Defendant refers us to the indictment for the same charge set out in *State v. Keller,* 1933, 143 Or 589, 21 P2d 807, as indicating some of the specificity an indictment charging this crime should contain. The charging part of the indictment in *Keller* occupies almost five printed pages in the Oregon report. This could not be viewed as a model of clear, concise pleading. The opinion in that case specifies in one short paragraph the elements of the crime and the essentials that must be alleged. 143 Or at 598.

The indictment in the instant case adequately covered the demands of a good indictment. The demurrer to it was properly overruled.

AFFIRMED.